UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

| | |
|---|---|
| COPIA COMMUNICATIONS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 1:14-cv-13056-LTS |
| | ) |
| AMRESORTS, L.P., a Pennsylvania Limited Partnership and successor-in-interest to AM Resorts, LLC, and SEAWIND KEY INVESTMENTS LIMITED, a Jamaican Corporation, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

_____

**DEFENDANT AMRESORTS, L.P.'S REPLY IN
SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION AND FORUM NON CONVENIENS
[Leave to File Granted on December 16, 2014]**

Defendant AMResorts, L.P. ("AMResorts") respectfully submits this brief reply in support of its Motion to Dismiss for Lack of Personal Jurisdiction and Forum Non Conveniens.

**I.      PRELIMINARY STATEMENT**

Far from establishing its burden to demonstrate the existence of general or specific personal jurisdiction over AMResorts, Plaintiff's Response wholly fails to rebut the clear and uncontested facts demonstrating a lack of jurisdiction over either defendant. Shorn of inaccurate statements (which, even if true, provide no basis to exercise personal jurisdiction here), the Response only reaffirms what Plaintiff and Seawind both agreed to in the relevant contract—that all disputes relating the Plaintiff/Seawind Contract should be resolved in Jamaica, where the contract was negotiated, executed, and performed.

Plaintiff's Response points the Court to a few irrelevant contacts that AMResorts has *in the United States* or the Northeast—AMResorts' connections in Pennsylvania (including

incorporation there and a lawsuit it is defending there); the allegation that one of AMResorts' employees (who has nothing whatsoever with this case) has the title of Regional Director of Groups Northeast, which presumably would include Massachusetts; and that the Apple Leisure Group brand allegedly "ha[s] an extensive travel agent network" with guests mostly from the United States and Canada, which would include some passengers residing in Massachusetts. (Resp. at 3.)  But the Response fails to distinguish between general and specific jurisdiction with regard to these contacts, presumably because the few contacts cited do not—as a matter of law—confer general jurisdiction over AMResorts and they do not relate to Plaintiff's claims for purposes of conferring specific jurisdiction either.  Specifically, Plaintiff fails to cite the Court to any allegation that AMResorts has its principal place of business or is incorporated in Massachusetts, as is required to confer general jurisdiction.  And the few irrelevant data points Plaintiff dusts up have nothing to do with conferring specific jurisdiction here. The contacts that could support specific jurisdiction, such as the Plaintiff/Seawind Contract to which AMResorts was not a party was negotiated during a meeting that took place in Jamaica, executed in Jamaica, and performed in Jamaica.  And further, the persons who negotiated the Plaintiff/Seawind Contract are not employed by the named defendant, AMResorts, L.P.—the evidence demonstrates that this is true, which should end the dispute.  The fact that Seawind made payments and sent correspondence to Massachusetts, or that Plaintiff may have shipped some products to Jamaica from Massachusetts (to perform the Plaintiff/Seawind Contract in Jamaica) simply is not enough under the case law.

     Plaintiff also fails to rebut in any meaningful way that this case should be dismissed under the doctrine of forum non conveniens.  Plaintiff's argument against dismissal is based solely on Plaintiff's alleged personal experience in Jamaican courts, and fails to address the

2

numerous opinions of respected courts finding that Jamaica is an appropriate forum for transfer. But most importantly, Plaintiff specifically agreed, in the Plaintiff/Seawind Contract that it drafted, that Jamaica was an adequate forum. Plaintiff cannot now reasonably be heard to cry foul regarding the forum.

The Court should dismiss this action under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, or under the doctrine of forum non conveniens.

## II.     ARGUMENT

### A.     Plaintiff Fails to Establish General Jurisdiction.

As set forth in the Motion, the Supreme Court has held that general jurisdiction over a company is only appropriate in the location of its place of incorporation or principal place of business. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853-54 (2011); *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014). Plaintiff makes no legal argument to the contrary, nor can it. Nor does Plaintiff make any argument that AMResorts's place of incorporation or principal place of business is located in Massachusetts. Quite to the contrary, Plaintiff specifically notes that AMResorts is a Pennsylvania entity with its principal place of business in Pennsylvania. (Response at 2.) Thus, Plaintiff cannot establish general jurisdiction.

Plaintiff's allegations that AMResorts advertises in and does some business in Massachusetts unrelated to the Plaintiff/Seawind Contract is not enough to establish general jurisdiction under *Goodyear* and its progeny. Therefore, the allegations made by Plaintiff regarding AMResorts's advertising, group sales, travel agent networks are entirely irrelevant.[1]

---

[1] Even if continuous and systematic contacts could create general jurisdiction, because AMResorts has no employees, property, or any other consistent relationship with Massachusetts, there would be no general jurisdiction over AMResorts in Massachusetts. Moreover, Plaintiff's contentions also are not true.

3

**B.     Plaintiff Fails to Establish Specific Jurisdiction.**

**1.     Plaintiff Improperly Conflates Various AMResorts Entities and AMResorts and Seawind.**

Plaintiff's argument boils down to the contention that any AMResorts-affiliated entity is subject to jurisdiction in Massachusetts because the Plaintiff/Seawind Contract was allegedly negotiated by an employee of a Caribbean-based affiliate of AMResorts.  The meeting where these employees negotiated the Plaintiff/Seawind Contract took place in Jamaica, so the argument is beside the point.  But the allegations on which the argument is based are entirely wrong.

First, Plaintiff argues that several persons allegedly involved in the negotiation of the Plaintiff/Seawind Contract (Pedro Morell, Manuel Carbajo, and Emilio Huhn) were employees of AMResorts.  Yet, Plaintiff does not and cannot contradict the evidence provided by AMResorts that the employees referenced are not employees of AMResorts.  (Keleshian Decl. ¶ 13.)  Plaintiff introduces no evidence to the contrary; instead, it submits printouts from personal LinkedIn pages referencing employment under the "AM Resorts" brand.  This is not admissible evidence, much less proof that they worked for the specific entity that Plaintiff chose to sue, AMResorts, L.P., rather than any Caribbean-based entity that actually employs them.  Nor has Plaintiff alleged, much less established, that there is a basis to pierce the veil between AMResorts, L.P. and any affiliate that may have employed the people referenced.  *See, e.g.*, *Bridge Street Auto., Inc. v. Green Valley Oil, LLC*, 985 F. Supp. 2d 96, 113 (D. Mass. 2013) (piercing the corporate veil requires pervasive control).  "AM Resorts" is a brand, not a legal entity, and, like many other brands, there are a number of companies that make up that brand, each of which is a separate, legal entity.  There is simply no evidence that the named defendant, AMResorts, L.P., employs any of the persons referenced by Plaintiff as an AMResorts employee,

or that AMResorts has any connection to this case whatsoever—there is only argument of counsel.  Plaintiff's argument and attempts to conflate these entities should be quickly rejected by this Court.  Thus, there is no basis for this Court to exercise jurisdiction over AMResorts based on the alleged contacts of employees of another entity.

For the same reason, Plaintiff cannot attempt to impute the contacts of Seawind to AMResorts, to the extent any such contacts exist.  As an initial matter, Plaintiff contracted with Seawind, not AMResorts.  And Plaintiff has not submitted any evidence to support its contention that AMResorts should be liable under this contract.  Again, the only thing that Plaintiff relies upon is that employees who definitively have not worked for AMResorts allegedly participated in the contract negotiations that took place in-person in Jamaica.  Because Plaintiff does not put forth any evidence that any representative of AMResorts ever made any representation to the Plaintiff on behalf of Seawind or otherwise, any attempt by Plaintiff to impute the contacts of Seawind to AMResorts should be quickly rejected.[2]

**2.      The Facts Alleged Do Not Create Specific Jurisdiction.**

Even if Plaintiffs allegations are taken at face value and any alleged actions are imputed to AMResorts, which they should not, the Court still cannot find that it has specific jurisdiction over AMResorts here.

Plaintiff's main allegation is that it received payments in Massachusetts for services rendered at Jamaican hotels, that it received certain emails regarding the contract negotiations in Massachusetts (while all face-to-face negotiations occurred in Jamaica), and that it received a termination letter in Massachusetts pursuant to the notice provision in the Plaintiff/Seawind

---

[2] As explained in the Motion, AMResorts has no involvement with this dispute, let alone any involvement with this dispute related to Massachusetts.  Any employees allegedly working for AMResorts were employed by and/or performed work for affiliated companies.  (*See* Keleshian Decl. ¶¶ 11-13.)  AMResorts' only real contact with Massachusetts—the operation of a website highlighting its branded properties—has no relation to the Plaintiff/Seawind Contract or the dispute, and therefore has no relevance to the specific jurisdiction analysis.

Contract.[3]  However, neither sending payments to a Massachusetts company nor sending emails regarding the Plaintiff/Seawind Contract from Jamaica to a Massachusetts company (whose CEO was often in Jamaica for the negotiations) is sufficient to establish personal jurisdiction.  *See, e.g.*, *BCCTC Assocs., Inc. v. Summerdale/AAHFI, L.P.*, 656 F. Supp. 2d 208, 218 (D. Mass. 2009) ("The Massachusetts end of the bargain is that most rootless and fungible of commodities—money. . . . The Defendants' contacts with Massachusetts are limited to the communications, written and oral, instrumental to the creation of the contracts, and making reports thereunder.  These circumstances are simply insufficient to satisfy the purposeful availment requirement.").

Plaintiff also alleges that performance occurred in Massachusetts because equipment was shipped from Massachusetts for installation in Jamaica.  But where a nonresident defendant purchases and receives goods from the forum state, there is no specific personal jurisdiction over that defendant in the forum state.  *See R & B Splicer Sys., Inc. v. Woodland Indus., Inc.*, No. Civ. A. 12-11081-GAO, 2013 WL 1222410, at *1 (D. Mass. Mar. 26, 2013) (citing *Bond Leather Co. v. Q.T. Shoe Mfg. Co., Inc.*, 764 F.2d 928, 933 (1st Cir. 1985)).  As in *R&B Splicer*, here "it was a matter of complete indifference to [Seawind] whether the supplier . . . was located in Massachusetts or elsewhere.  The only 'business' [Seawind] proposed to 'transact' in Massachusetts was to send payment" to Massachusetts.  *See id.* at *1; *see also* Garcia Aff. ¶¶ 20-22.  The rest of the relationship between Seawind and Plaintiff involved setting up and maintaining Seawind's guest internet access system and business center at Seawind's hotels in Jamaica.  (*See generally* Garcia Aff.)  The fact that Plaintiff chooses to ship products to Jamaica

---

[3] These statements are highly misleading; Plaintiff does not dispute, because it cannot, that the original negotiation of the terms of the Plaintiff/Seawind Contract, as well as the execution of the Plaintiff/Seawind Contract, took place in Jamaica.  (*See* Garcia Aff. ¶¶ 6-9.)

from Massachusetts, as opposed to any other location (including straight from the manufacturer), is Plaintiff's administrative choice, which is insufficient to allow the court to exercise personal jurisdiction over AMResorts. *See Lyle Richards Int'l, Ltd. v. Ashworth, Inc.*, 132 F.3d 111, 113 (1st Cir. 1997) (finding that "most performance required from Lyle under the Agreement was to be rendered *outside* Massachusetts," and that any "performance of various attendant chores in Massachusetts was incidental to the formation of the Agreement."). Thus, even if Seawind's actions could be imputed to AMResorts, the actions taken are wholly insufficient to establish specific jurisdiction.

Finally, Plaintiff confuses the issue by arguing that the Massachusetts long arm statute permits a court to exercise jurisdiction against any entity that transacted business in the Commonwealth. Putting aside the fact that, as discussed above, AMResorts did not transact any business in the Commonwealth related to this dispute, simply showing that the long arm statute permits jurisdiction is insufficient. Rather, Plaintiff must also meet the more stringent three-part constitutional requirements, as set forth in the Motion, including that AMResorts purposefully availed itself of the benefit of doing business in Massachusetts with respect to this dispute. *See BCCTC*, 656 F. Supp. 2d at 216.[4] But Plaintiff makes no argument and provides no facts that would allow this Court to find that AMResorts purposefully availed itself of the benefits of doing business in Massachusetts. Tellingly, the term purposeful availment does not even appear once in Plaintiff's response.

---

[4] Plaintiff attempts to confuse the issue by citing a case finding that "relatively scant or isolated communications into Massachusetts *may be* enough to establish compliance with the long-arm statute," (Resp. at 13 (citing *Barry v. Rollarama Skating Center, Inc.*, Civ. A. 07-40266-FDS, 2008 WL 2074149, at *3 (D. Mass. May 7, 2008)) (emphasis added)), but fails to make any argument that those same scant communications would meet the constitutional test. A few emails into the forum do not satisfy the purposeful availment prong of the constitutional analysis. *See BCCTC*, 656 F. Supp. 2d at 217-18.

### C. Plaintiff's Forum Non Conveniens Argument Is Premised Only on Perceived Unfairness of Jamaican Courts.

Plaintiff's only argument against dismissal of this action under the doctrine of forum non conveniens is that it had a previous experience with the Jamaican courts and found them to be unfair. However, in the Plaintiff/Seawind Contract form contract of Plaintiff, Plaintiff specifically agreed to non-exclusive jurisdiction in Jamaican courts. (Compl. Ex. E ¶ 17.0.) Plaintiff's written agreement that the Jamaican courts were adequate cannot now be trumped by Plaintiff's assertion that they had a bad experience in one Jamaican case. *See, e.g.*, *Mercier v. Sheraton Int'l, Inc.*, 981 F.2d 1345 (1st Cir. 1992) (holding that forum selection clause supported dismissal under forum non conveniens analysis). Moreover, Plaintiff does nothing to distinguish the cases that have specifically found Jamaican courts to be adequate alternatives in forum non conveniens transfers, which, as discussed in the Motion, is a decidedly low threshold to meet. *See, e.g.*, *Guimond v. Wyndham Hotels & Resorts*, No. 95 Civ. 0428, 1996 WL 281959, at *2-3 (S.D.N.Y. May 29, 1996) (finding Jamaica to be an adequate alternative forum); *Seales v. Panamanian Aviation Co.*, 356 F. App'x 461, 463-64 (2d Cir. 2009) (same). For these reasons, the Court should grant the Motion on the grounds of forum non conveniens.

## III. CONCLUSION

Because the Court does not have personal jurisdiction over AMResorts, and, alternatively, because a more appropriate forum for this matter exists in Jamaica, the Court should dismiss this matter.

Dated:  December 16, 2014 Respectfully submitted,

*/s/ Jack W. Pirozzolo*
Jack W. Pirozzolo (BBO #564879)
Corey D. Winer (BBO #678410)
SIDLEY AUSTIN LLP
60 State Street, 34th Floor
Boston, Massachusetts 02109
Ph:  (617) 223-0330
jpirozzolo@sidley.com
cwiner@sidley.com

Michelle Hartmann
    Admitted *pro hac vice*
Robert S. Velevis
    Admitted *pro hac vice*
SIDLEY AUSTIN LLP
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Ph:  (214) 981-3300
mhartmann@sidley.com
rvelevis@sidley.com

*Attorneys for Defendant AMResorts, L.P.*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, December 16, 2014, I electronically filed the above Reply In Support of Its Motion to Dismiss for Lack of Personal Jurisdiction, Forum Non Conveniens using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

*/s/ Jack W. Pirozzolo*
Jack W. Pirozzolo