# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

===============================

|  |  |  |
|---|---|---|
| COPIA COMMUNICATIONS, LLC | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action No. 1:14-cv-13056-LTS** |
| **v.** | : | |
| | : | |
| AMRESORTS, L.P., a Pennsylvania | : | |
| limited partnership and as successor- | : | ***REQUEST FOR ORAL ARGUMENT*** |
| in-interest to AM Resorts, LLC, and | : | |
| SEAWIND KEY INVESTMENTS, | : | |
| LIMITED, a Jamaican corporation, | : | |
| | : | |
| **Defendants.** | : | |

===============================

## PLAINTIFF COPIA COMMUNICATIONS, LLC'S  SURREPLY TO REPLY MEMORANDA OF DEFENDANTS AMRESORTS, L.P. AND  SEAWIND KEY INVESTMENTS, LTD. AS TO MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FORUM *NON CONVENIENS*

The Plaintiff, Copia Communications, LLC (hereinafter "Copia" or "Plaintiff"), respectfully submits this Surreply Memorandum (hereinafter the "Surreply") to the Reply Memoranda of the Defendants, and as further Opposition to the Motion to Dismiss of each of the Defendants AMResorts, L.P. (hereinafter "AMResorts") and Seawind Key Investments, Limited (hereinafter "Seawind")(collectively hereinafter the "Defendants"), for Lack of Personal Jurisdiction and Forum *Non Conveniens* (collectively hereinafter the "Reply").  The Plaintiff reiterates that each Motion to Dismiss should be denied with prejudice, as specific jurisdiction exists over the controversy and personal jurisdiction over the Defendants in this case. In the alternative, the Plaintiff submits that, should this Court find the jurisdiction issues to be deficient, this action should be transferred to the

U.S. District Court for the Eastern District of Pennsylvania, sitting in Philadelphia, which Court certainly has jurisdiction in this matter.  The Plaintiff requests a hearing on the respective Motions to Dismiss of the Defendants.

## ARGUMENT

### I.    Plaintiff Has Established The Existence of a Business Relationship Between Defendants AMResorts and Seawind

By its Reply Memorandum, Defendant AMResorts mischaracterizes the Plaintiff's Opposition –incorrectly contending, *inter alia*, that the Plaintiff has failed to address certain arguments in its Opposition – and utterly fails to provide the basis for the need to submit a Reply.  Additionally, in its Reply, Defendant Seawind has improperly asserted that the Plaintiff has misrepresented facts and circumstances in the filing of its Opposition to the Seawind Dismiss Motion. To the contrary, during this pre-discovery phase of this case, the Plaintiff has clearly stated – to the extent it has: a)  information and belief, b) has access to public documents, or c) has provided sworn statements of the Manager of Copia, Darryl Wehmeyer – as to the relationship between the two Defendants.

Defendant AMResorts argues that it has no connection to this action by trying to hide behind the vague explanation that, "'AM Resorts' is a *brand*, not a legal entity" (Reply Motion, p. 4)(emphasis added) and that therefore, none of the individuals, namely, Pedro Morell, Manuel Carbajo, and Emilio Huhn are employees of the Defendant AMResorts. Such argument is entirely specious and should be summarily rejected by this Court.

As stated in detail in Plaintiff's Opposition, the phrase "AM Resorts" may be a "brand", but it is a set of words which also are specifically associated with the Defendant,

AMResorts, L.P. and its predecessor entity, AM Resorts, LLC.  The Defendant provides certain individuals with an email address – which has "amresorts" within the domain name – and thereby such individuals holds themselves out to the world as representing the Defendant and having authority within the Defendant's organization.  Defendant AMResorts certainly has invested a substantial amount of money creating, developing and supporting the goodwill in the name "AM Resorts" and undoubtedly, does not simply allow unaffiliated third-parties to use such email address.

Furthermore, public records demonstrate that the key individuals involved in the underlying transaction and Contract hold themselves out as past and/or current employees of "AM Resorts".  A brief search of each individual demonstrates the connection with Defendant AMResorts, through widely recognized business websites such as LinkedIn, and carrying the AMResorts name in email communications.  It is entirely proper for the Plaintiff to direct the Court to such information and this Court may reasonably rely upon such information, such as LinkedIn profiles.  Any inferences from the evidence and public records must be deemed to support the Plaintiff, and not the Defendants.

The confluence of the evidence, inferences thereto, and public information – at this pre-discovery stage – support the allegations that Defendant AMResorts was a control person for Seawind, as its alter ego, and was managing and operating the Secrets Resorts.  Furthermore, such evidence, inferences thereto, and public information indicate that AM Resorts was the decision-maker for the Defendants, worked directly with Copia at every stage of the contract negotiations, and in the performance of the parties under the Contract. As a result, the Plaintiff has properly demonstrated that specific and *in personnem* jurisdiction exists over the controversy and over AMResorts, which

allegations contend that the Defendant was a party to and/or third-party beneficiary of the Contract.

It is clear that a more in-depth investigation would result in more information to the business relationship between the two Defendants. Therefore the discovery phase is vital and the Plaintiff requests that the Court deny each Defendants' Motion to Dismiss.

## II.      Plaintiff Has Established Specific
## Jurisdiction Over Defendants AMResorts and Seawind

A district court may exercise authority over a defendant by virtue of either general or specific jurisdiction. *United States v. Swiss American Bank,* 274 F.3d 610, 618 (1st Cir.2001) (internal quotations and citations omitted). As both Defendants are incorporated outside of Massachusetts, the Plaintiff relies on specific jurisdiction in its analysis.

Specific jurisdiction exists when there is a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities. *Id.* In conducting a *prima facie* analysis, the court is required to take specific facts affirmatively alleged by the plaintiff as true (whether or not disputed), construing them in the light most favorable to the plaintiff. *Id* citing *Ticketmaster-New York v. Alitoto, 26 F.3d 201, 203 (1ˢᵗ Cir. 1994).* The Defendants assert that they do not have any contact with Massachusetts. As Plaintiff has shown in its Opposition at length, this is simply not true. Both Defendants have much more than the requisite "minimum contacts" with the Commonwealth, through the tourism and travel-related business contacts, and through the "contacts" and business dealings, directly and indirectly, arising out of and relating to each such Defendant's business with Copia, a Massachusetts corporation, with its principal place of business in

the Commonwealth.   The Defendants don't dispute – and have not submitted any affidavits or other evidence disputing – the allegation that they have solicited substantial tourism and travel-related business in Massachusetts via their respective websites and their travel agents networks and by advertising/tourism marketing.   Their protestations over the underlying circumstances that clearly show that each Defendant negotiated and signed a contract with Copia, a Massachusetts corporation, and sent many thousands of dollars in payments for services, and had telephonic communications and transmitted emails into the Commonwealth of Massachusetts, and ordered hundreds of thousands of dollars in Internet equipment from the Commonwealth, which equipment was shipped from Massachusetts.

All of these transactions illustrate overwhelming level of contacts with the Massachusetts and therefore the Plaintiff contends that, in this pre-discovery phase of the litigation, the Plaintiff has established personal jurisdiction in the federal courts and in the Commonwealth of Massachusetts.

### III.   Plaintiff Has Established This Court as an Adequate Forum

The Defendants assertions that this Court should deny jurisdiction pursuant to the doctrine of forum *non conveniens* is entirely without merit. As demonstrated by the Plaintiff's Opposition, this argument completely falls short.   The applications of the doctrine of forum *non conveniens* should be utilized by district courts only in exceptional cases. *McCarthy, 322 F.Supp. at 1199.* Here, it would be inequitable for Copia to be forced to pursue this action in Jamaica, particularly when two of the three parties are entities organized and citizens in the United States, and have their principal place of businesses in Boston and in Philadelphia. The cost and legal fees required to pursue this

action would be substantial in a foreign forum. Moreover, the Plaintiff's previous legal experience in Jamaica is ample evidence that it is not an adequate forum for this action. Further, the non-exclusive forum clause in the contract gives the Plaintiff the liberty to choose an alternate forum, and designed for exact situations such as this, where an action would not be heard in a fair and adequate forum.  Therefore, the Plaintiff requests that the Court deny the Defendants' Motions to Dismiss

## <u>CONCLUSION</u>

WHEREFORE, for the foregoing reasons, and for the reasons set forth in its Opposition Memorandum, the Plaintiff Copia Communications, Inc., respectfully requests this Court to deny the Defendants' Motions to Dismiss for Personal Jurisdiction and Forum *Non Conveniens*. The Plaintiff submits that, alternatively, the Eastern District of Pennsylvania is an appropriate forum, and this action should be transferred to such U.S. District Court, sitting in Philadelphia.

Respectfully Submitted,
PLAINTIFF, Copia Communications, Inc.,

By its attorneys,

 /s/ Philip M. Giordano
Philip M. Giordano, Esq. (BBO No. 193530)
REED & GIORDANO, P.A.
101 Tremont Street, Suite 900
Boston, MA 02108
Tel: (617) 723 – 7755
Fax: (617) 723 – 7756
pgiordano@reedgiordano.com

Dated: December 24, 2014

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on December 24th, 2014.

*<u>/s/ Philip M. Giordano</u>*
Philip M. Giordano