

| | | | |
|---|---|---|---|
| SIDLEY AUSTIN LLP | BEIJING | HONG KONG | SAN FRANCISCO |
| 60 STATE STREET | BOSTON | HOUSTON | SHANGHAI |
| 34TH FLOOR | BRUSSELS | LONDON | SINGAPORE |
| BOSTON, MA  02109 | CHICAGO | LOS ANGELES | SYDNEY |
| (617) 223 0300 | DALLAS | NEW YORK | TOKYO |
| (617) 223 0301 FAX | GENEVA | PALO ALTO | WASHINGTON, D.C. |

jpirozzolo@sidley.com
(617) 223 0304

FOUNDED 1866

January 7, 2015

**Via ECF**

Hon. Leo T. Sorokin
United States District Court Judge
U.S. District Court, District of Massachusetts
1 Courthouse Way, Suite 2300
Boston, MA 02210

      Re:    *Copia Communications, LLC v. AMResorts, L.P. et al.*, Civ. A. No. 1:14-cv-13056-LTS (D. Mass.)

Dear Judge Sorokin:

      We represent Defendant AMResorts, L.P. ("AMResorts"), and write to bring to your attention the First Circuit's decision in *C.W. Downer & Co. v. Bioriginal Food & Sci. Corp.*, 771 F.3d 59 (1st Cir. 2014), which was issued after AMResorts submitted its motion and opening brief.

      On page twelve of its Memorandum in Support of its Motion to Dismiss, AMResorts cites the district court decision in *Downer*. The district court decision was cited in a string cite as "collecting cases," supporting the proposition that "even if AMResorts were a signatory to the Plaintiff/Seawind Contract or it had a debt due to a party in Massachusetts, without more, these contacts would be insufficient to demonstrate specific jurisdiction because the contract was negotiated and executed in Jamaica and the situs of the work to be performed under the contract was Jamaica":

> *See, e.g.*, *Adams v. Adams*, 601 F.3d 1, 6 (1st Cir. 2010) (no relation to Massachusetts where specific terms were not "formalized and entered into" in Massachusetts); *Phillips*, 530 F.3d at 27 (contract and tort claims have no relation to Massachusetts where no negotiations took place in Massachusetts); *Lyle Richards Int'l, Ltd. v. Ashworth, Inc.*, 132 F.3d 111, 113 (1st Cir. 1997) (no specific jurisdiction where work to be performed was outside of Massachusetts); ***C.W. Downer & Co. v. Bioriginal Food & Sci.***

Sidley Austin (NY) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.



Hon. Leo T. Sorokin
January 7, 2015
Page 2

*Corp.*, Civ. A. No. 13-11788-DJC, 2014 WL 815189, at *3-4 (D. Mass. Mar. 3, 2014) **(collecting cases)**.

    The First Circuit reversed the decision of the district court, although it did so for a different proposition than that for which AMResorts cited it.  Rather, the First Circuit held that where the defendant executed a contract with a Boston-based investment bank for the plaintiff to market and sell *from Massachusetts* defendant's business, specific jurisdiction related to that performance existed over the signatory in Massachusetts.  *Downer*, 771 F.3d at 67 ("[B]y retaining Downer, Bioriginal actively caused Downer to take extensive activities on Bioriginal's behalf within Massachusetts.").  Here, AMResorts was neither a party to the relevant contract, nor was the contract for work to be performed in Massachusetts.  The contract was executed between Plaintiff and Seawind for Internet equipment to be installed and serviced at Seawind's hotels *in Jamaica*.  In that regard, the *Downer* decision, which has not been cited or addressed by the Plaintiff, has no effect on the pending Motion. Nonetheless, out of an abundance of caution, we bring the decision to the Court's attention.

    If you have any further questions, we would be happy to discuss this case at the motion to dismiss hearing set for January 14, 2015.

    Respectfully submitted,

*/s/ Jack W. Pirozzolo*
Jack W. Pirozzolo

cc: All counsel of record via ECF