# Holland & Knight

10 St. James Avenue | Boston, MA 02116 | T 617.523.2700 | F 617.523.6850
Holland & Knight LLP | www.hklaw.com

Brett D. Carroll
(617) 573-5836
brett.carroll@hklaw.com


Hon. Leo T. Sorokin
United States District Court Judge
U.S. District Court, District of Massachusetts
1 Courthouse Way, Suite 2300
Boston, MA  02210

January 7, 2015

*Via ECF*

   Re: *Copia Communications, LLC v. AMResorts, L.P. et al.*, Civ. A. No. 1:14-cv-13056-LTS (D. Mass)

Dear Judge Sorokin:

  We are counsel to Defendant, Seawind Key Investments, Limited ("Seawind"). In the interest of full disclosure, we write to bring your attention to the First Circuit's decision in *C.W. Downer & Co. v. Bioriginal Food & Sci. Corp.*, 771 F.3d 59 (1st Cir. 2014) ("*Downer*"). The First Circuit issued *Downer* almost a month after the filing of Seawind's and co-defendant's, AMResorts, L.P., motions and memoranda to dismiss which cite the District Court decision in *Downer*.

  It is Seawind's respectful position that First Circuit's reversal of *Downer* has no impact on the pending motions to dismiss. On page 7 of its brief, Seawind cites *Downer* for the quoted black letter proposition from the First Circuit's opinion in *Adelson v. Hananel*, 652 F.3d 75, 80 (1st Cir. 2011) that "the Massachusetts long-arm statute" [is construed] as coextensive with the limits permitted by the Constitution," . . . [and] [t]hus [the court] may turn directly to the constitutional test for determining specific jurisdiction." The First Circuit's opinion in *Downer* has not modified this standard.

  Seawind otherwise briefly cites the District Court decision in *Downer* in two string cites (see footnote page 7 and page 12), with other cases decided in the First Circuit and in this District Court, in connection with the analysis that specific jurisdiction does not lie against Seawind. The First Circuit's decision in *Downer* does not overturn any of the other cases cited by Seawind for the propositions advanced. Instead, the First Circuit's decision reflects an application of the specific jurisdiction analysis to the particular facts at issue in that case alone finding that sufficient contacts existed. However, unlike in *Downer*, the contract at issue was neither negotiated nor performed in Massachusetts. Rather, the relevant contract for internet

Hon. Leo T. Sorokin
January 7, 2015
Page 2

equipment was executed in Jamaica with all services were performed in Jamaica at the relevant resorts.

    Accordingly, while we believe it is appropriate to bring this update to the Court's attention, the *Downer* opinion, which has not been cited or even addressed by Plaintiff, has no effect on the pending motions.

    Should you have any questions, we are happy to respond at the motion to dismiss hearing scheduled for Thursday, January 14, 2015 at 2:00 p.m.  Thank you for your consideration.

    Respectfully submitted,

    HOLLAND & KNIGHT LLP


    */s/ Brett D. Carroll*
    Brett D. Carroll


cc:  All counsel of record (*via ECF)*